**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**LUIS EMILIO PEREZ**                     **CASE NO.  1:26-CV-01107 SEC P**

**VERSUS**                                **JUDGE EDWARDS**

**BRIAN ACUNA ET AL**                     **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause (doc. 4) filed by Luis Emilio Perez ("Petitioner") through counsel. Petitioner is an immigration detainee at the River Correctional Center in Ferriday, Louisiana, seeking release from detention.  According to the petition, Petitioner is a native and citizen of Venezuela who entered the United States on or about 2021, without inspection.  Doc. 1, p. 2.  He has been in U.S. Immigration and Customs Enforcement ("ICE") custody since March 26, 2026.  *Id.* at 3.  He seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him forthwith from their custody.

Petitioner asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

1

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr.* Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *see also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 4) is **GRANTED IN PART** to the extent it generally seeks expedited briefing but **DENIED IN PART** to the extent it seeks a response in three days or priority consideration.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within either 60 days after service of the petition or 21 days after service of both this Order and the petition, whichever date shall first occur. Petitioner shall have seven days to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

To the extent the Petition has not yet been served, it is **FURTHER ORDERED** that Petitioner serve Respondents with the Petition and a copy of this Order.

**THUS DONE AND SIGNED** in chambers this 6th day of May, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

3